UNITED STATES, Appellee

v.

Paul D. MCDONALD, Staff Sergeant
U.S. Air Force, Appellant

No. 01-0488

Crim. App. No. 33759

United States Court of Appeals for the Armed Forces

Argued November 27, 2001

Decided June 28, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., joined.  BAKER, J., and SULLIVAN, S.J., each filed an opinion concurring in the result.


Counsel

For Appellant: Major Jeffrey A. Vires (argued); Lieutenant Colonel Beverly B. Knott and Lieutenant Colonel Timothy W. Murphy (on brief).

For Appellee: Major Martin J. Hindel (argued); Colonel Anthony P. Dattilo and Major Lance B. Sigmon (on brief).

Military Judges:  David F. Brash and Michael J. Rollinger


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by a general court-martial of three specifications of attempting to wrongfully buy stolen retail merchandise on April 16, 20, and 21, 1998; two specifications of wrongfully soliciting two different individuals to steal merchandise over a period exceeding two years; and one specification of buying stolen retail merchandise, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 USC §§ 880 and 934. A panel of officer and enlisted members sentenced appellant to a dishonorable discharge, confinement for fifteen months, total forfeiture of pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence, and the Air Force Court of Criminal Appeals affirmed in an unpublished Opinion of the Court.

On August 1, 2001, we agreed to determine

> WHETHER THE AIR FORCE COURT OF CRIMINAL
> APPEALS ERRED IN HOLDING THE MILITARY
> JUDGE'S FAILURE TO PROVIDE AN INSTRUCTION
> TO THE MEMBERS ON THE DEFENSE OF MISTAKE
> WAS HARMLESS BEYOND A REASONABLE DOUBT.

We hold that any failure to give a complete mistake-of-fact instruction in this case was harmless beyond a reasonable doubt.

FACTS

Between 1995 and 1998, appellant bought and sold stolen retail merchandise.  His suppliers were two individuals named Walter Mitchell and Jake Moore.  Both testified at trial.

The Government's theory of the case was that appellant was a modern-day Fagin.[1]  The defense's theory of the case was that Mitchell and Moore were both thieves, stealing to support their respective heroin addictions, and were unworthy of belief, and that they duped appellant.

Mitchell testified that he stole numerous items of merchandise and resold it to appellant for cash during the period May 1, 1995, to April 1, 1998, except for those days when Mitchell was incarcerated.  The stolen items included "movies, VCRs, drills, knives, and all types of tools."  Mitchell used heroin on a frequent basis during the entire three years he was selling stolen merchandise to appellant.  He readily identified items contained in Prosecution Exhibits 53-79 as items that he had stolen and sold to appellant – and which were later seized from appellant's home.  Finally, Mitchell testified that appellant was well aware he was dealing in stolen property, and

_____

[1] Fagin was the sinister character in Charles Dickens's Oliver Twist, whose primary occupation was to instruct young boys on how to become expert pickpockets and thieves.  Charles Dickens, Oliver Twist (Peter Fairclough ed., Penguin Books 1972) (1837-39).  Today, the name Fagin is frequently attributed to an adult who leads others in a continuing larcenous enterprise.

on a few occasions even directed Mitchell to go to "certain stores to steal certain things."

Jake Moore admitted stealing merchandise that included videos, video game players, leathermen, knives, tools, hardware tools, bikes, air compressors, Magellan satellite navigation systems, computer games and parts, and other items beginning in 1995. Moore elaborated that he was stealing merchandise from stores in the Seattle area at least three times a day (except for Mondays), unless his incarceration by civilian authorities precluded such activity. He admitted using heroin on a daily basis during the 1995-98 period, except when he was in prison. He further admitted that he was under the influence of drugs while he was stealing the merchandise. Moore informed appellant that he had been incarcerated by civilian authorities for theft, as well as a weapons charge, and needed money. On one occasion, appellant bailed Moore out of jail after Moore was arrested for shoplifting. After securing his release from jail, appellant drove Moore home. During this ride, Moore provided appellant with details concerning the theft of merchandise that appellant was buying.

Appellant testified that he never bought anything from Moore; his dealings with Mitchell were far more limited than those about which Mitchell testified; and he did not know any of the merchandise was stolen. Appellant testified that when he

4

asked Mitchell whether any of the merchandise was stolen, Mitchell replied that it came from "a liquidator." Contrary to Mitchell's testimony, appellant denied knowing that Mitchell was incarcerated for theft. At one point, he admitted that he knew Mitchell had been jailed for a "drug violation." Appellant admitted giving Mitchell money while the latter was in jail.

Also, contrary to Moore's testimony, appellant denied knowing that Moore had ever been incarcerated for stealing or that he had ever furnished any money to Moore while Moore was in jail. However, appellant admitted giving Moore's grandfather money because "they didn't have any money." Appellant also testified that he bailed Moore out of jail, although they did not have any prior business relationship, because appellant was "a nice guy."

Trial defense counsel did not ask for an instruction, nor did the military judge sua sponte instruct, on the defense of ignorance or mistake of fact.

## DISCUSSION

Even though not requested, a military judge has a sua sponte duty to give certain instructions when reasonably raised by the evidence. RCM 920(e), Manual for Courts-Martial, United States (2000 ed.);[2] United States v. Davis, 53 MJ 202, 205

---

[2] This Manual provision is identical to the one in effect at the time of appellant's court-martial.

United States v. McDonald, No 01-0488/AF

(2000); United States v. Rodwell, 20 MJ 264, 265 (CMA 1985); United States v. Steinruck, 11 MJ 322, 324 (CMA 1981). Military judges have "substantial discretionary power in deciding on the instructions to give." United States v. Damatta-Olivera, 37 MJ 474, 478 (CMA 1993), cert. denied, 512 U.S. 1244 (1994). We review the judge's decision to give or not give a specific instruction, as well as the substance of any instructions given, "to determine if they sufficiently cover the issues in the case and focus on the facts presented by the evidence. The question of whether a jury was properly instructed [is] a question of law, and thus, review is de novo." United States v. Maxwell, 45 MJ 406, 424 (1996), quoting United States v. Snow, 82 F.3d 935, 938-39 (10th Cir. 1996).

When an affirmative defense is raised by the evidence, an instruction is required. An honest-mistake-of-fact instruction is appropriate where raised by the evidence and is a defense to buying or attempting to buy stolen property. Therefore, consistent with this Court's opinion in United States v. Taylor, 26 MJ 127 (CMA 1988), waiver is not at issue in this case.

Once it is determined that a specific instruction is required but not given, the test for determining whether this constitutional error was harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Chapman v. California, 386

U.S. 18, 24 (1967).  Stated differently, the test is:  "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?"  Neder v. United States, 527 U.S. 1, 18 (1999).

Appellant was entitled to a mistake-of-fact instruction regarding his dealings with Mitchell.[3]  Appellant testified that he began buying material from Mitchell in June 1997, and continued to buy approximately $200 worth of merchandise twice a week until Mitchell's incarceration in early 1998.  In particular, appellant said that he asked Mitchell whether any of the material he was purchasing was stolen and Mitchell assured him that it was not -- that he obtained it from a liquidator, or from a relative in Chehalis.

Had the military judge given the standard ignorance or mistake-of-fact instruction recommended in the Military Judges' Benchbook, he would have provided the following instruction concerning appellant's dealings with Mitchell:

> The ignorance or mistake, no matter how unreasonable it might have been, is a defense. In deciding whether the accused was ignorant of

---

[3] The military judge did not have a sua sponte duty to give the mistake-of-fact instruction with regard to appellant's alleged dealings with Moore. Moore testified that he had stolen goods worth thousands of dollars in value and sold them to appellant, and that appellant knew the goods were stolen. Appellant denied ever buying anything from Moore.  With the evidence in this posture, a mistake-of-fact instruction was not warranted.  The members either believed Moore or believed appellant, but there was nothing to be mistaken about.  See United States v. Peel, 29 MJ 235, 242 (CMA 1989) (no requirement to give mistake-of-fact instruction in rape case where evidence and defense theory do not raise this defense).

the fact that the property he acquired from Mitchell was stolen, you should consider the probability or improbability of the evidence presented on the matter.

You should consider the accused's age, education, and experience, along with the other evidence on this issue....

The burden is on the prosecution to establish the guilt of the accused. If you are convinced beyond a reasonable doubt that at the time of the alleged offenses the accused was not ignorant of the fact that the property he acquired from Mitchell was stolen, then the defense of ignorance does not exist.

Para. 5-11-1, Military Judges' Benchbook at 746 (Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)). Comparing the above instruction with those actually given, one finds great similarity. The military judge instructed:

The instruction that I am now going to read you applies to ... the allegation that the accused knowingly purchased stolen property... and the allegations that the accused attempted to buy stolen property. For these specifications I have instructed you that the accused must have known that the items he was buying or attempting to buy were stolen. You may not find the accused guilty of these offenses unless you believe beyond a reasonable doubt that the accused actually knew that the items he was buying or attempting to buy were stolen.

After giving the court members a deliberate-avoidance instruction, the military judge continued:

I emphasize that knowledge cannot be established by mere negligence, foolishness, or even stupidity on the part of the accused. The burden is on the prosecution to prove every element of

8

> this offense, including that the accused actually knew that the items in question were stolen. Consequently, unless you are satisfied beyond a reasonable doubt that the accused either, one, had actual knowledge that the items in question were stolen or, two, deliberately avoided that knowledge as I have defined that term, you must find the accused not guilty.

After considering the instructions given, in comparison to the mistake-of-fact instruction set forth in the Benchbook, we find appellant suffered no prejudice. Had the mistake-of-fact instruction been given from the Military Judges' Benchbook, the members would have been told that they needed to consider appellant's age, education, and experience, along with other evidence in the case. While following this instruction, court members would have considered that appellant was thirty-eight years old, had nineteen-and-a-half years of active service, was in the "swap shop" business for several years, frequently bought large quantities of the same item at a time (e.g., twenty-five copies of Walt Disney's "The Little Mermaid"), and purportedly only paid twenty-five cents on the dollar for this merchandise.

Contrary to defense appellate counsel's assertion, this is not a case in which appellant was convicted on the basis of what he should have known, rather than what he really knew. The linkage appellant hopes to create between the deliberate-avoidance instruction and any improper or missing honest-mistake-of-fact instruction fails. These instructions did not

make appellant's conviction a "foregone conclusion." Appellant's Final Brief at 9.  The ultimate question is whether the military judge's instructions somehow relieved the Government of its responsibility to prove appellant had actual knowledge that the goods were stolen.  See United States v. Brown, 50 MJ 262, 267 (1999).  The evidence, taken as a whole, reflects a high probability that appellant must have known the goods were stolen.  Any ignorance this appellant may have had as to the facts was based on his failure, through deliberate avoidance, to discover the truth during the two years of his criminal dealings with Moore and Mitchell.

Finally, this case, despite appellant's contention to the contrary, is not like United States v. Barnes, 39 MJ 230 (CMA 1994).  In Barnes, the military judge failed to give any affirmative defense instruction.  Such a complete failure in that case required reversal as to one charge and its specification because none of the elements of that charge and specification were disputed at trial.  Absent that affirmative defense instruction, the members, presumably following the military judge's instructions, had no choice but to convict the appellant.

This case, by contrast, involves a failure to provide model instructions where the military judge, nonetheless, adequately conveyed the essential aspects of the instructions

10

pertinent to the circumstances of the case.  Here, appellant contested all of the elements:  (1) he contended his receipt of the property was not wrongful; (2) he contested to whom the property he received belonged; (3) he claimed the property was not stolen; (4) he claimed that if indeed it was stolen, he did not know it was stolen; and (5) he claimed his conduct was neither prejudicial to good order and discipline in the armed forces nor service discrediting.  Accordingly, the basic premise in Barnes for finding prejudicial error does not exist in the case at hand.

In the final analysis, appellant was convicted as a result of his own statements and actions:  first, with his denial that he had ever engaged in any commercial transactions with Moore; second, with his implausible explanation as to why he provided Mitchell money while Mitchell was in jail; third, with his similarly implausible explanation for bailing Moore out of jail in October 1997; fourth, with the fact that Moore's and Mitchell's phone numbers were in his watch telephone directory; and lastly, with his suspicious actions in checking Mitchell and the deputy sheriff for wires and weapons during the military and civilian police controlled buys during April 1998.

It is clear beyond a reasonable doubt that the court members would have found appellant guilty even if properly (and, perhaps, redundantly) instructed on ignorance or mistake of

11

fact.  See Neder, 527 U.S. at 18.  The military judge's instructions were sufficient to make the court members aware they had to find appellant actually knew the items he was buying or attempting to buy were stolen.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. McDonald No. 01-0488/AF

BAKER, Judge (concurring in the result):

In light of the granted issue and the Government's concession of error, I do not find it necessary for this Court to reach a judgment as to whether appellant reasonably raised a mistake-of-fact defense requiring a mistake-of-fact instruction. As for prejudice, I agree with the majority and the Court of Criminal Appeals; any error was harmless beyond a reasonable doubt.

As the lower court illustrated, the evidence was overwhelming that appellant was aware he was dealing in stolen goods. Among other things, "[o]n average, the appellant paid his suppliers only 25 cents per dollar of retail value." United States v. McDonald, No. 33759, slip op. at A5 (AF Ct. Crim. App. Feb. 16, 2001). Appellant's business transactions with Mr. Mitchell "took place in parking lots at various places in town, one of which they referred to by the fictitious name of 'Wendy's Apartment.'" "When asked by his co-worker if he was sure the merchandise was legitimately obtained, the appellant responded, 'What I don't know can't hurt me.'" Id. Finally, and definitively, during a controlled sale, appellant agreed to purchase the contents of a rental truck full of new electronic equipment valued at more than $19,000 for

$4,500.  In the process of doing so, appellant checked the undercover seller for a wire.  Id. at A5-6.

United States v. McDonald, No.01-0488/AF

SULLIVAN, Senior Judge (concurring in the result):

The Court of Criminal Appeals found error in the military judge's failure to give a mistake of fact instruction in this case. The Government concedes that such error occurred in this case. Finally, the granted issue clearly asks whether such a failure to instruct was "harmless beyond a reasonable doubt." I too would hold that error occurred here when the military judge failed to specifically instruct the members on a mistake-of-fact defense in this case with respect to the charge of receiving stolen property from Mr. Mitchell. To extent the majority suggests that no error occurred here, I disagree.

Nevertheless, I would hold that this error was harmless beyond a reasonable doubt in this case. Cf. United States v. Binegar, 55 MJ 1, 6 (2001); United States v. Wells, 52 MJ 126 (1999). First, although the defense was reasonably raised by evidence in this case, there was overwhelming evidence in the record as a whole that appellant was not operating under a mistake of fact in his dealing with Mr. Mitchell. See Neder v. United States, 527 U.S. 1 (1999); United States v. New, 55 MJ 95, 128 (2001) (Sullivan, J., concurring in the result).

Second, the military judge's instructions on knowledge were sufficient to make the court members aware that they had to find beyond a reasonable doubt that appellant did not mistakenly

United States v. McDonald, No. 01-0488/AF

believe the Mitchell property was not stolen.  See United States v. Wells, supra at 131;  see also 1 & 2 Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law, § 5.1 at 577 and § 8.10 at 428-29 (1986).  The existence of these instructions, which covered the matter in the omitted defense instruction in another way, distinguishes this case from United States v. Barnes, 39 MJ 230 (CMA 1994).