UNITED STATES, Appellee,

v.

Chief Warrant Officer Two John
D. TYNES, United States
Army, Appellant.

ARMY 9901093.

U.S. Army Court of Criminal Appeals.

15 April 2003.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Imogene M. Jamison, JA; Jonathan F. Potter (on brief).

For Appellee: Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Jennifer H. McGee, JA; Captain Janine P. Felsman, JA (on brief).

Before HARVEY, Senior Judge, BARTO, and SCHENCK, Appellate Military Judges.

## OPINION OF THE COURT

HARVEY, Senior Judge:

A general court-martial composed of officer members convicted appellant, contrary to

his pleas, of conduct unbecoming an officer (four specifications); using a facility or means of interstate commerce to attempt to persuade, induce, or entice a person under the age of eighteen to engage in an unlawful sexual act (four specifications);[1] traveling across state lines to engage in a sexual act with a person under the age of eighteen (two specifications);[2] knowing receipt of child pornography transported in interstate commerce by computer (Specification 7 of Charge II),[3] and knowing possession of computer diskettes containing three or more images of child pornography[4] transported in interstate commerce by computer (Specification 8 of Charge II),[5] in violation of Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933 and 934. The convening authority approved the adjudged sentence to a dismissal and confinement for thirty months, but suspended the dismissal for two years.

Appellant's sentence was adjudged on 11 November 1999. On 18 May 2001, the Deputy Assistant Secretary, Army Review Boards, "suspend[ed] the remaining confinement until 23 May 2002 on condition of [appellant's] submission of a request for voluntary excess leave[6] to run concurrently with and for the duration of the suspension and any appellate review." This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866.

We disagree with appellant's second assignment of error that appellant's convictions of Specifications 7 and 8 of Charge II must be dismissed because the definition of "child pornography" was unconstitutionally vague and overbroad. We hold that the military judge's failure to properly instruct the court members on the definition of child pornography constituted harmless error beyond a reasonable doubt. We also urge military judges to clearly explain the knowledge requirement for possession and receipt of material showing sexually explicit conduct.

## FACTS

Appellant was fifty years of age when, in an America Online (AOL) chat room, he introduced himself to four females he believed to be minors under the age of fifteen. Thereafter, he privately communicated with them over the Internet, using instant messages and electronic mail (e-mail). Appellant sent them pictures of himself over the Internet: (1) in his Army uniform, (2) nude or with his penis exposed, and/or (3) of himself masturbating. Appellant asked one person he believed to be a female minor to sit naked in a chair and masturbate with her legs spread wide for the camera, and requested that she video tape herself "from the chest up, focused on [your] face as you touch yourself and cum."

1. Appellant was convicted under clause 3 (crimes and offenses not capital) of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], of violating 18 U.S.C. § 2422(b).

2. Appellant was convicted under clause 3 of Article 134, UCMJ, of violating 18 U.S.C. § 2423(b).

3. Appellant was convicted under clause 3 of Article 134, UCMJ, of violating 18 U.S.C. § 2252A(a)(2), which prohibits knowing receipt or distribution of "(A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer."

4. All of appellant's conduct occurred before 18 U.S.C. § 2252A(a)(5) was amended, making it an offense to possess a single image of child pornography. *See* Act of Oct. 30, 1998, Pub.L. No. 105–314, §§ 202(b) and 203(b), 112 Stat. 2978; *United States v. Hilton*, 257 F.3d 50, 54 n. 1 (1st Cir.2001).

5. Appellant was convicted under clause 3 of Article 134, UCMJ, of violating 18 U.S.C. § 2252A(a)(5)(B), which prohibits:
   knowing[] possess[ion][of] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains 3 or more images of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

6. "Soldiers on excess leave are not entitled to pay and allowances." *United States v. Paz–Medina*, 56 M.J. 501, 503 n. 6 (Army Ct.Crim.App. 2001); *see* Department of Defense Financial Management Regulation, Volume 7A: Military Pay Policy and Procedures Active Duty and Reserve Pay, ch. 48, para. 4811 (Feb.2001), and ch. 26, tbl. 26–5 n.4 (Feb.2002), *http://www.dod.mil/comptroller/fmr/07a/index.html.*

Appellant sent numerous e-mail messages to a thirteen-year-old girl. He eventually told her that he wanted to drive to Louisville, Kentucky, to meet her and that he "desperately want[ed] to make love" to her. Appellant called her on the telephone, frightening her. She told appellant that she was grounded to discourage him from coming to her hometown to look for her. Appellant never drove to Louisville to meet her.

On his way to Virginia from temporary duty in Texas, appellant traveled three hundred miles out of his way to Birmingham, Alabama, to meet a female he believed to be a minor. Appellant rented a motel room and then contacted her via e-mail. He tried to convince her to sneak out of her home at night and meet him at his motel for sexual activity. However, after considerable e-mail discussion she declined to meet with appellant.

Three months later, appellant arranged for a stop-over in Chicago, Illinois, as he traveled by plane to Las Vegas on official Army business. Appellant rented a hotel room to meet with a female he believed to be a minor so that he could engage in sexual activity with her. He brought a video camera to his hotel room to film his anticipated activities. Appellant talked to her on the telephone to make final arrangements for their rendezvous outside his hotel. Federal Bureau of Investigation (FBI) agents met appellant in front of his hotel and arrested him.

An FBI agent testified about what appellant said in his interview:

[A] year [ago] he began to get interested in younger girls, [ ] he found them appealing, and the idea of sex with them was exciting.... he said he thought maybe it was the forbidden fruit aspect of the thought of having sex with a younger girl.

Appellant also stated that pornographic images of children under the age of eighteen were likely to be found on his home computer. FBI agents searched appellant's residence and seized his computer hard drive, as well as ten computer diskettes locked in a box in appellant's master bedroom closet.

Over one hundred other computer diskettes were seized from his residence. Pictures or depictions stored in Grafics Interchange Format (GIF) computer files[7] and Internet e-mails were saved on appellant's computer hard drive and on the diskettes found at appellant's residence.

Many of the diskettes contain one or two images that are child pornography. Some are attached to e-mails, and include e-mail messages, such as, "I like this one but you know i am not like bad an[d] slutty or nothin[g] like that" (attached under file name "!!!!13fk.jpg"). Two of the ten diskettes found inside the box in appellant's bedroom closet contain at least three images of child pornography. All six images described in the next paragraph were saved on more than one diskette.

Diskette number three includes images depicting: (1) a nude female minor with the photograph taken at an upward angle to emphasize her vagina (under file name "!!!!!!11.JPG"); (2) two nude female minors masturbating (under file name "GIRLS.JPG"); and (3) one nude female minor licking another nude female minor's nipple and spreading her vagina's labia with her fingers (under file name "15 & 16LEZ.JPG"). Diskette number four includes images depicting: (1) a partially clothed female minor with her breasts and vagina exposed (under file name "!!14CUTE.JPG"); (2) a nude female minor performing oral sex on an adult male (under file name "!!!!!!DAD.JPG"); and (3) an adult male penetrating the vagina of a female minor with his penis (under file name "!!!!13fk.jpg").

During appellant's testimony on the merits, he said that he intentionally saved items to the diskettes found in the box in his closet, and that he had fantasized about sexual activities with thirteen and fourteen-year-old girls.

The defense presented no evidence or argument at trial that supports appellant's position on appeal—that the images do not depict real children. The defense did not

---

7. "GIF files are a type of computer file that stores the data necessary to produce a picture or image for the viewer using the computer" or diskette. *United States v. Falk,* 50 M.J. 385, 390 n. 8 (1999).

assert that appellant was ignorant of how the images reflected sexually explicit conduct. The defense did not make a motion to dismiss based upon the images depicting adults and not minors, or upon an allegation that 18 U.S.C. § 2256(8) included an unconstitutional definition of child pornography.

We find as fact, beyond a reasonable doubt, that appellant: (1) knowingly received and possessed two 3.5 inch computer diskettes, numbers three and four, each containing three or more visual depictions; (2) that such visual depictions were of real[8] minors engaged in sexually explicit conduct; (3) that appellant knew that such visual depictions showed sexually explicit conduct; (4) that appellant knew that at least one of the persons engaged in the sexually explicit conduct in such visual depiction was a minor; and (5) that diskettes numbers three and four each contain three or more visual depictions of minors engaged in sexually explicit conduct that had been transported over the Internet and downloaded by appellant using a computer.

### Instructions

Prior to the panel's deliberations on findings, the military judge instructed the members regarding the elements of Specification 7 of Charge II, "first, that on [specified dates and location] the Accused knowingly received certain material. That is, child pornography, as defined in Title 18 United States Code Section 2256( [8] ). And second, that the material was transported in interstate commerce by computer." He also instructed the members with regard to the elements of Specification 8 of Charge II:

[F]irst, that on [specified dates and location], the Accused knowingly possessed material. To wit, 3.5 inch computer diskettes containing three or more images of child pornography, as defined in Title 18 United States Code, Section 2256( [8] ). The second element is that the material, that is, one or more 3.5 inch computer diskettes, containing three or more images of child pornography that had been mailed or shipped or transported in interstate commerce by any means, including by computer, or that was produced using materials that had been mailed or shipped or transported in interstate commerce by any means, including computer.

The military judge defined the term "knowingly" for Specifications 7 and 8 of Charge II,[9] as follows:

To find that the Government has satisfied its burden of proof as to the first element of the offenses alleged in Specifications 7 and 8 of Charge II, you must find, beyond a reasonable doubt, that the Accused knowingly received and knowingly possessed child pornography as I have defined that term for you. The term knowledge or knowing, as used in the statute applicable to Specification 7 and 8 of Charge II, requires that the Government must prove, beyond a reasonable doubt, both, one, that the Accused knowingly received, with regard to Specification 7, and knowingly possessed, with regard to Specification 8, the visual depiction in question, and two, that the Accused knew or believed that one or more of the persons depicted were minors, keeping in mind, as I previously instructed you, that for Specification 7 only one image need be of child pornography, and in Specification 8 three or more [images] on any one disk must be. With regard to the second point I just mentioned, that is, the Accused knew or believed one or more of the persons depicted were minors, the Government may meet its burden by, one, proving actual knowledge on the part of the Accused that the person[ ]s depicted were minors; or two, by proving that the Accused believed them to be minors and that the persons depicted were minors. This, like any other fact, may be proved by circumstantial evidence. Thus, after reviewing all of the evidence, you are con-

---

8. *See United States v. Richardson,* 304 F.3d 1061, 1064 (11th Cir.2002), *writ denied,* —— U.S. ——, 123 S.Ct. 930, 154 L.Ed.2d 832 (2003) (in finding harmless error from the same child pornography instruction as provided in appellant's case, the court noted after their own examination that the "children depicted in those images were real").

9. A better instruction regarding the elements of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B) is at Appendix A.

vinced, beyond a reasonable doubt, that the persons depicted are minors and that the Accused believed them to be minors, then the Government has met its burden with respect to the knowledge element. On the other hand, if you cannot find, beyond a reasonable doubt, that the persons depicted are minors, or if you cannot find, beyond a reasonable doubt, that the Accused believed them to be minors, then you must find the Accused not guilty. In deciding this issue of knowledge and whether the persons depicted are minors, you must consider all the relevant facts, evidence and circumstances surrounding the case.[10]

The military judge could have more clearly explained the knowledge requirement to the members, specifically that appellant *knew* the visual depictions he received and possessed showed *sexually explicit conduct.*

The military judge provided appropriate instructions to the members regarding the definitions of: (1) interstate commerce; (2) number of child pornography images required (including an augmented unanimity instruction); (3) minor; (4) sexually explicit conduct, (5) visual depiction; and (6) possession.[11] He defined child pornography using 18 U.S.C. § 2256(8), as follows:

Child pornography means any visual depiction, including any photograph, film, video, picture or computer generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is or appears to be of a minor engaging in sexually explicit conduct;

(C) such visual depiction has been created, adapted or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D) such visual depiction is advertised, promoted, presented, described or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.

There was no defense objection to the definitions pertaining to child pornography or to the elements of Specifications 7 and 8 of Charge II, nor was there a defense request for a clarifying instruction.

## DISCUSSION

### Child Pornography Statute's Constitutionality

■ After appellant's case was tried, the Supreme Court held that "the prohibitions of [18 U.S.C.] §§ 2256(8)(B) and 2256(8)(D) are overbroad and unconstitutional." *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 258, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). *Free Speech Coalition,* however, reaffirmed that important societal interests "justified a ban on the possession of pornography produced by using children." *Id.* at 250, 122 S.Ct. 1389 (citing *Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990)). Specifically, the *Free Speech Coalition* decision did not declare unconstitutional the possession or receipt of visual depictions "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct" (otherwise known as "morphed" images).[12] *See United States v. Kelly,* 314 F.3d 908 (7th Cir.2003) (upholding definitions of child pornography not expressly declared unconstitutional by *Free Speech Coalition*). Second, the unconstitutional (B) and (D) subparagraphs of § 2256(8) are severable. As the Supreme Court said in *Champlin Refining Co. v. Corp. Comm'n of Oklahoma,* 286 U.S. 210, 234, 52 S.Ct. 559, 76 L.Ed. 1062 (1932), "[t]he unconstitutionality of a part of an Act does not necessarily defeat ... the validity of its remaining provisions." Here,

---

**10.** *See United States v. Maxwell,* 45 M.J. 406, 424–425 (1996) (concluding that trial judge's instruction that appellant "knew or believed that one or more of the persons depicted were minors" was sufficient for prosecution under 18 U.S.C. § 2252 for transporting or receiving child pornography in interstate commerce).

**11.** We recommend these definitions to military practitioners. *See* Appendix B.

**12.** *See* 18 U.S.C. § 2256(8)(C).

the remaining portions of § 2256(8), both sub-provisions (A) and (C) of the definition of "child pornography," can be read separately to address discrete types of images that the Congress sought to prohibit from being possessed or received. Accordingly, we hold that appellant's second assignment of error—that appellant's convictions of Specifications 7 and 8 of Charge II must be dismissed because the definition of child pornography was unconstitutionally vague and overbroad—is without merit.

### Instructions

■ We review the military judge's decision regarding "the substance of any instructions given, 'to determine if they sufficiently cover the issues in the case and focus on the facts presented by the evidence. The question of whether a jury was properly instructed [is] a question of law, and thus, review is de novo.'" *United States v. McDonald,* 57 M.J. 18, 20 (2002) (quoting *Maxwell,* 45 M.J. at 424).

■ "Although the error may not have been 'plain' at the time of the court-martial proceeding, it is sufficient if the error becomes 'plain' at the time of appellate consideration." *United States v. Baker,* 57 M.J. 330, 337 (2002) (Crawford, C.J., dissenting) (citing *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). If an improper instruction is given, "the test for determining whether this constitutional error was harmless is whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *McDonald,* 57 M.J. at 20 (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). "Stated differently, the test is: 'Is it clear

beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?'" *Id.* (quoting *Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).

■ Use of the definitions declared unconstitutional in *Free Speech Coalition* is error. *See, e.g., United States v. Hall,* 312 F.3d 1250, 1259–60 (11th Cir.2002), *writ denied,* —— U.S. ——, 123 S.Ct. 1646, —— L.Ed.2d —— (2003); *Richardson,* 304 F.3d at 1064; *United States v. Lee,* 57 M.J. 659, 661–662 (A.F.Ct.Crim.App.2002), *pet. granted,* 58 M.J. 142 (2003), *available at* 2003 CAAF LEXIS 117 (Jan. 24, 2003). The military judge also could have more clearly explained to the members that they must find beyond a reasonable doubt that appellant *knew* that the visual depictions he received and possessed showed *sexually explicit conduct. See United States v. X–Citement Video,* 513 U.S. 64, 77–78, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (holding that knowledge requirement extends to sexually explicit nature of the material and age of the performer); *United States v. Lacy,* 119 F.3d 742, 747 (9th Cir.1997).

Because the defense posed no objection to the instructions provided to the members, the waiver rule applies in the absence of plain error. *See* Rule for Courts–Martial 920(f); *United States v. Smith,* 50 M.J. 451, 456 (1999). We need not decide, however, whether the military judge's instructional errors were plain error if we determine that any error was harmless beyond reasonable doubt. *United States v. Ellis,* 57 M.J. 375, 381 (2002); *see United States v. Carpenter,* 51 M.J. 393, 397 (1999) (citing *United States v. Powell,* 49 M.J. 460, 464–65 (1998)).[13]

13. Other appellate courts have found plain error, and then affirmed despite use of the same definition of child pornography as used in appellant's case. *See Hall,* 312 F.3d at 1260, and *Richardson,* 304 F.3d at 1064 (both holding that use of unconstitutional child pornography definitions from 18 U.S.C. § 2256(8) in jury instructions did not affect appellant's substantial rights or work a miscarriage of justice, and did not seriously affect the fairness, integrity or public reputation of judicial proceedings); *Lee,* 57 M.J. at 662–63 (holding that use of unconstitutional child pornography definitions from 18 U.S.C. § 2256(8) in

judge alone contested trial was harmless beyond a reasonable doubt). *But see United States v. Thompson,* 57 M.J. 319 (2002) (summary disposition) (holding that members were improperly instructed as a matter of law where instructions relied directly on definitions held unconstitutional in *Free Speech Coalition* and setting aside the conviction); *United States v. Ellyson,* 326 F.3d 522, 531 (4th Cir.2003) (holding under harmless error review that verdict must be set aside because "the evidence in the record, coupled with the court's instructions, permitted the jury to convict [accused] on both a constitutional and

Appellant engaged in a series of actions designed to obtain, and then did knowingly receive and possess, visual depictions of minors engaging in sexually explicit conduct. Evidence that the minors in the depictions were real is overwhelming; there is not a shred of evidence indicating that the images were computer generated. Further, the military judge instructed the members that in order to convict appellant they must be satisfied beyond a reasonable doubt that "the persons depicted [in the pictures] are minors and that the [a]ccused believed them to be minors." We find that these instructions negated the possibility that the members may have found that the minors depicted in the images were "virtual" rather than real minors.

As to appellant's knowledge that the depictions showed sexually explicit conduct, these images clearly meet the statutory definitions of such conduct. We conclude that the error with regard to the definition of child pornography, and any failure to more clearly instruct on the knowledge requirement, were harmless beyond a reasonable doubt. It is clear beyond a reasonable doubt that the court members would have found appellant guilty even if properly instructed.[14]

Assuming the military judge committed instructional error, we disagree with appellate

defense counsel that the required remedy is dismissal of Specifications 7 and 8 of Charge II. Under the facts of this case, it would be more appropriate to affirm an attempted possession and receipt of child pornography in violation of Article 80, UCMJ,[15] or a simple disorder in violation of Article 134, UCMJ, than to dismiss these two specifications.[16] A reviewing court may disapprove a finding because of an instructional error and substitute a lesser-included offense. *United States v. McKinley*, 27 M.J. 78, 79 (C.M.A.1988); *see also United States v. Standifer*, 40 M.J. 440, 445 (C.M.A.1994). "This is true even if the lesser-included offense was neither considered nor instructed upon at the trial of the case." *McKinley*, 27 M.J. at 79.

We have considered appellant's other assignment of error and the matters appellant has asserted under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. The findings of guilty and the sentence are affirmed.

Judge BARTO and Judge SCHENCK concur.

## APPENDIX A

We suggest the use of the following pattern instruction by military judges when provid-

---

unconstitutional basis"); *United States v. Pearl*, 324 F.3d 1210, 1212–13 (10th Cir.2003) (same).

**14.** *See Lacy*, 119 F.3d at 748–50 (holding that trial court committed harmless error when it failed to "instruct the jury that to convict [the defendant] it must find that he knew the depictions were on his disks and drive"); *see also Neder*, 527 U.S. at 19–20, 119 S.Ct. 1827 (holding that failure to submit to jury the element of materiality with respect to tax charges was harmless because a reviewing court can determine beyond a reasonable doubt that "the jury verdict would have been the same absent the error"); *Rose v. Clark*, 478 U.S. 570, 576–80, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (holding that harmless error analysis is appropriate where jury received incorrect instruction on element of malice in murder trial); *McDonald*, 57 M.J. at 22 (holding that failure to give ignorance or mistake of fact instruction was harmless because "members would have found appellant guilty even if properly" instructed).

**15.** An attempt is a lesser-included offense of the offense charged. *See* UCMJ arts. 79 and 80, 10

U.S.C. §§ 879 and 880. "An accused may be guilty of an attempt even though the commission of the intended offense was impossible because of unexpected intervening circumstances or even though the consummation of the intended offense was prevented by mistake on the part of the accused." *United States v. LaFontant*, 16 M.J. 236, 238 (C.M.A.1983) ("affirming attempted possession of LSD even though members not instructed on elements of attempt because guilty finding to possession necessarily included all elements of the attempt").

**16.** The evidence presented at trial clearly establishes that appellant's conduct was service discrediting and constituted a simple disorder under Article 134, UCMJ. *See United States v. Fuller*, 54 M.J. 107, 112 (2000) (holding that evidence in contested trial failed to support maltreatment, but was sufficient for reviewing court to affirm violation of UCMJ art. 134); *United States v. Augustine*, 53 M.J. 95 (2000) (holding that admissions regarding "possession of three visual depictions of sexually explicit conduct by minors" during the providence inquiry were sufficient for reviewing court to affirm violation of UCMJ art. 134).

ing the elements for violations of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B) (receipt and possession of child pornography):

First, [that on specified dates and location], the accused knowingly [received] [possessed] material, to wit, [e.g., 3.5 inch computer diskettes] containing [one or more] [three or more] visual depiction[s];

Second, that such visual depiction[s] was [were] of a real minor engaged in sexually explicit conduct;

Third, that the accused knew that such visual depiction[s] showed sexually explicit conduct;

Fourth, that the accused knew that at least one of the persons engaged in the sexually explicit conduct in such visual depiction[s] was [were] a minor;

Fifth, that one or more [e.g., 3.5 inch computer diskettes], containing [one or more] [three or more] visual depiction[s] of [a] minor[s] engaged in sexually explicit conduct had been mailed, shipped, or transported in interstate commerce by any means, including by computer, or were produced using materials that had been mailed, shipped, or transported in interstate commerce by any means, including computer.

An act is done "knowingly" if done voluntarily and intentionally, and not because of ignorance, mistake, accident, or other innocent reasons.

This suggested instruction is an adaptation of the Ninth Circuit Court's Manual of Model Criminal Jury Instructions, Sexual Exploitation of Child–Possession of Child Pornography under 18 U.S.C. § 2252(a)(4)(B), *http://www.ce9.uscourts.gov/web/sdocuments.nsf/criminal+jury*, at page 322 of the 2000 revised version. *See United States v. Tucker*, 150 F.Supp.2d 1263, 1269 (D.Utah 2001) (holding that knowing possession of child pornography "means that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident").

The following definitions, with minor grammatical and punctuation changes for clarity, were given by the military judge with respect to Specifications 7 and 8 of Charge II. We suggest use of these pattern instructions by military judges when providing the definitions for violations of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5) (receipt and possession of child pornography).

### Interstate Commerce [and Foreign Commerce]

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

[The term "foreign commerce" includes commerce with a foreign country.]

The use of the Internet to send an image from one computer to another constitutes transporting the image in interstate commerce, even if the receiving computer and the sending computer are located in the same state.

**Reference.** *See* 18 U.S.C. § 10 (defining "interstate commerce" and "foreign commerce"), *United States v. Runyan*, 290 F.3d 223, 243 (5th Cir.), *writ denied*, —— U.S. ——, 123 S.Ct. 137, 154 L.Ed.2d 149 (2002) (reversing conviction for distribution of child pornography in interstate commerce because of insufficient evidence that images were sent over the Internet); *United States v. Hersh*, 297 F.3d 1233, 1254 n. 31 (11th Cir.2002), *writ denied*, —— U.S. ——, 123 S.Ct. 1319, 154 L.Ed.2d 1071 (2003) (receiving an image over the Internet meets the interstate commerce requirement of 10 U.S.C. § 2252A) (citing *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir.1997)).

### Visual Depiction

18 United States Code Section 2256(5) defines the term visual depiction to include undeveloped film and video tape and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.

## Sexually Explicit Conduct

18 United States Code, Section 2256(2) defines the term sexually explicit conduct as: actual or simulated A) sexual intercourse, including genital to genital, oral to genital, anal to genital or oral to anal, whether between persons of the same or opposite sex; B) bestiality; C) masturbation; D) sadistic or masochistic abuse; or E) lascivious exhibition of the genitals or pubic area of any person. Some of the images that have been introduced in evidence may not involve sexual intercourse or masturbation. Such images may, nonetheless, constitute sexually explicit conduct, if they depict lascivious exhibition of the genitals or pubic area. Not every exposure of the genitals or pubic areas constitutes lascivious exhibition. Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires the consideration of the overall content of the material. It is for you to decide the weight or lack of weight to be given any of the following factors. A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area. You may consider such factors as, one, whether the focal point of the pictures or images is on the genitals or pubic area; two, whether the setting of the pictures or images is sexually suggestive, that is, in a place or pose generally associated with sexual activity; three, whether the child is depicted in an unnatural pose or in an inappropriate attire considering the age of the minor; four, whether the child is fully or partially clothed or nude; five, whether the pictures or images suggest sexual coyness or a willingness to engage in sexual activity; six, whether the pictures or images are intended or designed to elicit a sexual response in the viewer; seven, whether the pictures or images portray the child as a sexual object; and eight, any captions that may appear on the pictures or images or materials that accompany the picture or image. You are not permitted to find that the images involve lascivious exhibition just because you don't like them or find them distasteful. You may, however, consider the factors I just listed and whether the images are, in fact, a lascivious exhibition of the genitals or pubic area. Whether the images involve lascivious exhibition is a matter for you to decide beyond reasonable doubt.

**Reference.** *See Hilton,* 257 F.3d at 57–58 (defining the term "lascivious" in 18 U.S.C. § 2256(2)(E)) (citing *United States v. Amirault,* 173 F.3d 28, 31 (1st Cir.1999)).

## Minor

18 United States Code, Section 2256(1) defines the term minor as being any person under the age of eighteen years. For purpose of the statute in question, the age of the individual at the time the visual depiction was transported, received or possessed is irrelevant. What is controlling is whether the person in the visual depiction was under the age of eighteen years at the time the picture was taken of that person engaging in sexually explicit conduct.

**Reference.** *See United States v. Marcus,* 193 F.Supp.2d 552, 557 (E.D.N.Y.2001).

## Augmented Unanimity

Number of child pornography images required. As to Specification [7] of Charge [II], there is no requirement that the government prove that the accused received more than one image of child pornography. As to Specification [8] of Charge [II], the government must prove that the accused possessed material, that is, a 3.5 inch computer disk, containing three or more images. More specifically, the statute prohibits the possession of, in this case, any diskette that contains three or more images. If the evidence is that diskette number one has two images, diskette number two has one image, and diskette number three has two images, the accused has not violated the statute. On the other hand, if the evidence shows that diskette number one has four images, diskette number two has one image, and diskette number three has two images, then the accused may be found guilty of the offense with respect to diskette number one. Therefore, as long as you find, beyond a reasonable doubt, that the accused knowingly possessed at least three images that meet the definition of child pornography as I instructed you on any one diskette, you many find the accused

guilty of this offense. Additionally, at least two thirds of the members or [ ] members must agree on the same three images.

**Reference.** An augmented unanimity instruction is appropriate when "more than one basis for conviction is presented in a single [specification]" and when "a conviction may occur as the result of different [members] concluding that [an accused] committed different acts." *United States v. Thomas,* 74 F.3d 701, 712–13 (6th Cir.1996) (holding judge's failure to *sua sponte* provide augmented unanimity instruction was not plain error because "jury would [not] have had any trouble reaching unanimity on the fact that one item described in each of those counts was obscene").

## Possession

To satisfy the first element of the offense alleged in Specification [8] of Charge [II], you must find, beyond reasonable doubt, that the accused had knowing possession of the material in question. The word "possession" means to exercise control of something. Possession may be direct physical control, like holding an item in one's hand, or it may be constructive, as in the case of a person who hides an item in a locker to which the person may return to retrieve it. Possession inherently includes the power or authority to preclude control by others. It is possible, however, for more than one person to possess an item simultaneously, as when several people share control of an item.

**Reference.** *See* Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook, para. 3–37–1.d (1 Apr. 2001), (defining "possess" in the context of wrongful possession of drugs, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a).