*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

### UNITED STATES
Appellee

**v.**

### Thomas E. MADER III, Sergeant
United States Marine Corps, Appellant

**No. 20-0221**

Crim. App. No. 201800276

Argued January 12, 2021—Decided April 20, 2021

Military Judge: Leon J. Francis

For Appellant: *Major Mary Claire Finnen*, USMC (argued); *Lieutenant Commander Kevin R. Larson*, JAGC, USN.

For Appellee: *Lieutenant Jennifer Joseph*, JAGC, USN (argued); *Lieutenant Colonel Nicholas L. Gannon*, USMC, *Major Kerry E. Friedewald*, USMC, and *Brian K. Keller*, Esq. (on brief).

Judge HARDY delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges OHLSON, SPARKS, and MAGGS, joined.

———————————

Judge HARDY delivered the opinion of the Court.

During a farewell party in the barracks, Appellant burned three junior Marines, whom he supervised, with a cigarette in an apparent attempt to bond with them. Although these acts might have been charged as a violation of the Marine Corps general order prohibiting hazing under Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2012) (for which consent is not a defense), the Government elected instead to charge Appellant with three specifications of assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 892 (2012) (for which consent generally is a defense). On review, the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) found that Appellant had an honest, albeit mistaken, belief that the three junior Marines consented to being burned, but then concluded that "the apparent consent was not lawful and hence not reasona-

ble" because "[a]s a matter of law . . . under these circumstances a victim cannot consent to this type of injury." *United States v. Mader*, 79 M.J. 803, 816, 818 (N-M. Ct. Crim. App. 2020). We granted review to determine whether the NMCCA erred when it concluded that "no person in any similar circumstance could ever lawfully consent" to being burned by a cigarette. *United States v. Mader,* 80 M.J. 202 (C.A.A.F. 2020) (order granting review). Because we find no justification for deviating from the general rule that consent is a defense to simple assault, we reverse the NMCCA's opinion as to Specifications 1, 2, and 4 of Charge II and the sentence, and remand for it to determine whether Appellant's mistaken belief that the junior Marines consented was reasonable, and if so, whether Appellant established that his conduct was precipitated by his mistaken belief that his victims consented.

## I. Background

Appellant, a sergeant in the United States Marine Corps, was assigned to a communications platoon at Marine Corps Base Hawaii. A few days prior to leaving his duty station, Appellant and a group of junior Marines whom he supervised gathered for a farewell party in the barracks.[1] While talking and drinking with the junior Marines, the conversation turned to morale within the unit and life in the Marine Corps. Appellant stated that when he joined the platoon, he and other junior Marines received cigarette burns from senior Marines to create a sense of pride and belonging within the platoon. After this comment, Appellant lit a cigarette and burned PFC Bravo on his chest and did the same thing to PFC Echo before burning LCpl Delta on the shoulder. The NMCCA found that "[n]one of the junior Marines manifested any physical or verbal signs of lack of consent," and that the "socializing continued for some time into the evening without incident." *Mader*, 79 M.J. at 807. None of the junior Marines reported the incident. *Id*.

---

[1] The NMCCA opinion referred to the junior Marines present at the gathering as Sergeant (Sgt) Alpha, Private First Class (PFC) Bravo, PFC Charlie, Lance Corporal (LCpl) Delta, and LCpl Echo. *Mader*, 79 M.J. at 806 n.3. We adopt those same pseudonyms throughout this opinion.

Although some of the junior Marines gave conflicting or uncertain testimony at trial about whether they had consented to the cigarette burns, Appellant testified that each consented. Appellant stated that LCpl Delta asked to be burned, and that both PFC Bravo and PFC Echo agreed to be burned and pulled down their own shirts for Appellant to burn each of them on the chest. At the conclusion of the evidence phase of the court-martial, the military judge instructed the members that mistake of fact as to consent was a defense to assault consummated by a battery.

An officer and enlisted panel sitting as a general court-martial convicted Appellant, contrary to his pleas, of two specifications of failure to obey a lawful general order or regulation (for acts unrelated to the cigarette burns) and four specifications of assault consummated by a battery (one of which was unrelated to the cigarette burns) in violation of Articles 92 and 128, UCMJ. The members sentenced Appellant to 190 days confinement, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.

On appeal, the NMCCA reviewed the charges for factual and legal sufficiency, dismissed one violation of Article 92, UCMJ, for factual insufficiency, but otherwise affirmed the remaining charges and sentence. *Mader*, 79 M.J. at 819. Although there was conflicting testimony as to whether the junior Marines actually consented to being burned by Appellant, the lower court found that Appellant "had an honest, though mistaken, belief that the junior Marines consented to being burned by the cigarette." *Mader*, 79 M.J. at 816. Nevertheless, the lower court held that under the circumstances consent was "not lawful and hence unreasonable" for two reasons. *Id.* at 818.

First, the NMCCA stated that "[t]his [was] a clear instance of hazing and could have been charged as such." *Id.* Noting that the Marine Corps has prohibited hazing and expressly declared that " '[a]ctual or implied consent to acts of hazing are not a defense,' " *id.* at 818 n.100 (quoting Dep't of the Navy, Marine Corps Order 1700.28B, para. 2a, 3f (May 20, 2013)), the NMCCA similarly concluded that Appellant's mistaken belief that the junior Marines had consented was not a lawful defense. *Id.* at 818.

Second, even without the hazing aspects of the underlying events, the NMCCA concluded that it would be contrary to public policy to allow victims to consent to receiving a cigarette burn. Vaguely citing unspecified "harm to the general public when crimes occur" and relying on the United States Army Court of Criminal Appeals's decision in *United States v. Arab*, 55 M.J. 508 (A. Ct. Crim. App. 2001), the NMCCA held that no victim could lawfully consent under the circumstances here because of "society's need to protect victims from this type of harm." *Mader,* 79 M.J. at 817.

We granted review of the following issue:

> Consent is a defense to assault consummated by a battery. The lower court found that even though Appellant had mistakenly believed other Marines consented, no person in any similar circumstance could ever lawfully consent. Did the lower court err?

*Mader*, 80 M.J. 202.

## II. Standard of Review

This Court reviews de novo whether consent, or mistake of fact as to consent, is available as a defense. *United States v. McDonald*, 57 M.J. 18, 20 (C.A.A.F. 2002).

## III. Discussion

An assault consummated by battery is defined as "bodily harm to another . . . done without legal justification or excuse and without the lawful consent of the person affected." *Manual for Courts-Martial, United States* pt. IV, para. 54.c.(1)(a), (2)(a) (2016 ed.) (*MCM).* " 'Bodily harm' " is defined as "any offensive touching." *MCM* pt. IV, para. 54.c.(1)(a). This Court has long held "that, as a general matter, consent 'can convert what might otherwise be offensive touching into non-offensive touching.' " *United States v. Johnson*, 54 M.J. 67, 69 (C.A.A.F. 2000) (quoting *United States v. Greaves*, 40 M.J. 432, 433 (C.M.A. 1994)). Further, the Rules for Courts-Martial (R.C.M.) make clear that even if an alleged victim did not consent to being touched, an accused cannot be convicted of assault consummated by a battery if the accused mistakenly believed the alleged victim consented and that belief was "reasonable under all the circumstances." R.C.M. 916(j)(1). Thus, this Court's predecessor held that a "reasonable and

honest mistake of fact as to consent constitutes an affirmative defense in the nature of legal excuse." *Greaves*, 40 M.J. at 433.

The lower court and the Government acknowledge that consent is generally a defense to battery. *Mader*, 79 M.J. at 815–16; Brief for Appellee at 12, *United States v. Mader*, No. 20-0221 (C.A.A.F. Nov. 19, 2020); *see also* Wayne R. LaFave, *Criminal Law* 473 (6th ed. 2017). But both take the stance that in this case, as a matter of law, Appellant's victims could not consent to being burned with a cigarette. We disagree.

The NMCCA's conclusion that the type of harm in this case is so egregious that it is impossible, as a matter of law, to be suffered consensually, is untenable. First, the NMCCA's belief that Appellant's acts could have been charged as a violation of the Marine Corps Order against hazing—for which consent would not have been a lawful defense—is irrelevant. *Cf. Dunn v. United States*, 442 U.S. 100, 107 (1979) (" 'It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.' " (alteration omitted (quoting *Cole v. Arkansas*, 333 U.S. 196, 201 (1948))). The Government had complete discretion over how to charge Appellant and it elected to charge his acts as assault consummated by a battery in violation of Article 128(a), UCMJ. When it did so, the Government accepted the risk that Appellant could not be found criminally liable if he reasonably believed—even if that belief was mistaken—that the junior Marines consented to the cigarette burns.

Second, we are unpersuaded by the NMCCA's assertion that the junior Marines' consent—even if freely given—would have been unlawful because of "society's need to protect victims from this type of harm." *Mader*, 79 M.J. at 818. Even if there might be certain circumstances in which a public policy interest would be strong enough to overcome the general principle that consent is a defense to simple assault, this Court has never recognized one. And here, the NMCCA failed to identify *any* specific public policy reason that would support its conclusion, let alone one that would be sufficiently compelling to overcome the general rule. Consent is a well-established defense to simple assault, and nothing in this Court's precedent or the specific facts of this case justify the NMCCA's deviation from that general principle.

The Government argues that this Court's precedents support the lower court's holding, citing *United States v. Bygrave* for the proposition that consent is only available as a defense if consent is "legally cognizable" given the conduct in the case. 46 M.J. 491, 493 (C.A.A.F. 1997). The Government's reliance on *Bygrave* is misplaced, however, because in that case the accused's actions were charged as aggravated assault for which consent is generally not a valid defense. *Id.* Although the Government urges us to extend our holding in *Bygrave* beyond aggravated assaults to the simple assault charged in this case, we decline to do so. As we noted in *Bygrave*, Article 128, UCMJ, differentiates aggravated assaults from simple assaults by requiring that the perpetrator of an aggravated assault inflict a heightened level of harm on his victim. *Id.* If the Government believed that Appellant's acts resulted in "grievous" bodily harm, then it could have charged Appellant with aggravated assault under Article 128(b), UCMJ, removing the defense of consent. In light of the Government's decision to charge Appellant with assault consummated by battery under Article 128(a), UCMJ, we see no reason to strip Appellant of a defense to which he is otherwise legally entitled.

Here, the conduct was charged as a simple assault consummated by battery. As stated, consent is a generally available defense for such a charge. Although the Government might have charged Appellant with hazing or aggravated assault, which would have eliminated the opportunity to raise a consent defense, it elected not to do so. We believe that the NMCCA erred when it barred Appellant's consent defense as a matter of law.

As described above, the NMCCA already found that Appellant had an honest, albeit mistaken, belief that the three junior Marines consented to being burned. However, because it erroneously believed that Appellant's victims could not lawfully consent to receiving the cigarette burns, the NMCCA never considered whether Appellant's mistaken belief that the junior Marines' consented was "reasonable under all of the circumstances." R.C.M. 916(j)(1); *see also Greaves*, 40 M.J. at 433 (requiring an honest mistake of fact regarding consent to be reasonable to constitute an

affirmative defense). We therefore return the case to the NMCAA for further consideration.

## IV. Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed as to Specifications 1, 2, and 4 of Charge II and the sentence. The decision of that court is affirmed as to Charge I and Specification 2 thereunder and Charge II and Specification 3 thereunder. The record of trial is returned to the Judge Advocate General of the Navy for remand to the court for further consideration in light of this opinion.