Judge SULLIVAN
delivered the opinion of the Court.
In March of 1997, appellant was tried by a general court-martial composed of officer members at Hanscom Ah’ Force Base in Massachusetts. Contrary to his pleas, he was found guilty of four specifications of stealing contact lenses which were military property of the United States, and one specification of conspiring to steal those contact lenses, in violation of Articles 121 and 81, Uniform Code of Military Justice, 10 USC §§ 921 and 881, respectively. On March 28, 1997, he was sentenced to a bad-conduct discharge, 3 months of hard labor without confinement, and forfeiture of $300 pay per month for 3 months. The convening authority approved this sentence on July 24, 1997, and the Court of Criminal Appeals affirmed on November 1,1999, in an unpublished opinion.
This Court granted review in this case on two issues on April 12, 2000. They ask:
I. WHETHER THE MILITARY JUDGE ERRED IN NOT ALLOWING DEFENSE COUNSEL TO ELICIT STATE OF MIND HEARSAY EVI *2 DENCE OF APPELLANT FROM A WITNESS.
II. WHETHER THE MILITARY JUDGE ERRED IN PROVIDING THE COURT MEMBERS A MISTAKE OF FACT INSTRUCTION WHERE THE COURT MEMBERS HAD TO FIND THAT APPELLANT’S MISTAKE OF FACT WAS BOTH “HONEST AND REASONABLE” INSTEAD OF JUST “HONEST.”
We hold that Issue I need not be decided in this case because, relying on United States v. Turner, 27 MJ 217 (CMA 1988), we must reverse this case on Issue II. See United States v. Gillenwater, 43 MJ 10 (1995).
Evidence was admitted in this case that shows that in September 1995, appellant began work in the Medical Logistics Office at Hanseom Air Force Base, Massachusetts. One of his duties was to order contact lenses for servicemembers who brought a prescription from the base Optometry Clinic to the Medical Logistics Office. Personnel who needed contact lenses to perform their duties or for a medical condition were entitled to receive them free of charge. Other personnel had to obtain contact lenses off-base and pay for the lenses themselves. (R. 99)
It was also shown that Air Force regulations governed the process of ordering contact lenses at the Medical Logistics Office. (R. 165) The Optometry Clinic was required to produce a purchase letter for all prescriptions sent to the Medical Logistics Office. (R. 99-102) If the lenses were required “for the performance of duties,” the Logistics Office was to code the purchase order with a “fund cite” indicating the servicemember’s section. If, however, the lenses were required for a medical condition, the Optometry Clinic fund cite was used. (R. 113, 172-73) Once a month, the office generated reports of how many lenses had been billed to each account. (R. 103, 310-11)
Evidence was further admitted that appellant’s supervisors neglected to follow these procedures with any regularity. The Optometry Clinic rarely generated purchases letters, and Medical Logistics would order contact lenses without them. One of appellant’s supervisors, Senior Master Sergeant (SMSgt) Kremer, testified that he believed at one time that all clinic personnel were entitled to free contact lenses, even if not medically required. (R. 298, 302, & 320) In fact, SMSgt Kremer instructed appellant to sign a purchase order for him to get free lenses soon after appellant began work at Medical Logistics. (R. 293-94) SMSgt Kremer did not provide appellant with a purchase letter or prescription for his lenses, although he testified that he later discussed with appellant a clarified command policy requiring a medical reason for contact lenses with some exceptions. (R. 321)
Finally, evidence was admitted that appellant continued to order contact lenses, filing the appropriate purchase orders and keeping his paperwork in order.[1] Appellant’s supervisors never reviewed the monthly reports to determine whether lenses were being billed to the proper accounts. Moreover, appellant’s supervisors failed to provide appellant with formal training or specific guidelines for any of these procedures. (R. 320) The next supervisor of the office, Staff Sergeant (SSgt) Smith, even authorized appellant to sign purchase orders for him between October 1995 to January 1996. (R. 149, 161) Appellant signed SSgt Smith’s name to over 90% of the purchase orders filed between September 1995 and March 1996. Neither SSgt Smith nor his predecessor, SMSgt Kremer, ever told appellant that he was doing his job improperly. Furthermore, appellant had public conversations concerning his conduct in ordering contact lenses with the servicemembers for whom he ordered those lenses.
The record of trial shows the following concerning the defense’s request for a mistake of fact instruction:
MJ: Now, concerning the proposed mistake-of-fact instruction, I’ll hear from you *3 first, defense counsel, since it’s your request.
DC: Your Honor, the defense requests that a mistake-of-fact defense be given in this case. Defense believes the issue has been raised and defense believes the issue’s been raised due to the testimony of— basically every witness at this court-martial except for Airman Beasley, whose testimony was not — and Airman Danieli. But every other witness, we believe, had something to say ivhich would lead the court members and lead anyone to believe that there could have been a mistake in this case.
MJ: Let me stop you there, counsel. I agree that a mistake-of-facts instruction of some sort should be given. So would you like to append as Appellate Exhibit X your proposed instruction?
DC: Yes, sir. I have typed up — as far as the wording of the instruction. However, as far as the witnesses, I did not put them in there. I can type up a complete one, but — or else we can append this, Your Honor. I don’t know how you would like— those are the witnesses I’d like referred to in the instruction as to — to give them an idea of why it’s been raised.
MJ: All right, well, I can certainly mark this as Appellate Exhibit X. I note this relates to specific intent.
DC: Yes, Your Honor.
MJ: Is the government in agreement with what has been marked as Appellate Exhibit X, which is ignorance, or mistake with specific intent or actual knowledge is an issue.
TC: No, sir. The language we agreed on was only to the extent that we could characterize what the mistake was. And I believe that was a blank page with just a short paragraph on “you must determine whether the accused was mistaken,” et cetera. That was the language that we agreed on to be instructed as to what the mistake was. But the government’s position is that the mistake-of-fact defense should be raised as a general intent crime because it involves whether it ivas just wrongful, or in this case that would be required to be honest and reasonable. So—
MJ: Well, what you’re suggesting is that the mistake doesn’t necessarily go to the issue of specific intent to permanently deprive; is that the idea, trial counsel?
TC: That’s correct, sir, because we don’t believe it fits the specific intent element of the offense itself.
MJ: Defense counsel?
DC: Your Honor, defense requests that the instruction be given without the instruction regarding “it must be reasonable.” The offense is larceny, which is a specific intent crime. And the fact that Airman Binegar is charged with permanently depriving the Air Force of basically contact lenses, we believe that’s what he’s defending against. And I believe, in general, since this is a specific intent offense and since it’s the defense’s responsibility to defend against that offense, the fact that— I believe it’s relevant, Your Honor, that he’s defending against not only permanently deprive — with the intent to permanently deprive the Air Force of contact lenses. And I do not — the defense does not believe that that has to be a reasonable — the defense would have to be reasonable in this case. And we ask that the instruction be given without the limiting factor of, “would have to be reasonable,” Your Honor.
MJ: Okay. My analysis of the evidence and the offenses leads me to believe that a mistake-of-fact instruction that would be given would be general, rather than the one related to a specific intent.
I note that paragraph 5-11 of the Bench-book does give some guidance in that regard, and I note that it states as follows “... moreover, in some ‘specific intent’ crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest
The court feels in this particular instance that the mistake — or mistaken belief, as it were — of the accused, goes generally to the offense of larceny itself, whether that larceny be a specific intent larceny or, quite frankly, even if it were a wrongful appro *4 priation larceny. I believe that the mistake concerning whether or not he was authorized to order contact lenses at government expense relates generally to the offense and is not related to that element which requires a specific intent. Therefore, I’m not going to give the instruction as propounded by defense counsel, shown in Appellate Exhibit X, although this will be attached to the record of trial.
What I am going to give is some modified version of the general intent version of mistake-of-fact. I would ask, at the next recess, that counsel try and pull together the final draft of what that instruction would encompass based upon this ruling.
(R. 361-63) (emphasis added).
The military judge gave the following instructions in this case:
As to the various charges, the evidence has raised the issue of ignorance or mistake on the part of the accused concerning whether he was under the mistaken belief that he was authorized to order contact lenses at government expense with a purchase order from military members who provided him only a prescription from the Optometry Clinic. If the accused mistakenly believed that he was authorized to order contact lenses at government expense with a purchase order for military members who provided him only a prescription from the Optometry Clinic, he is not guilty of the offense of larceny or conspiracy to commit larceny if his ignorance or belief was reasonable. To be reasonable, the ignorance or belief must have been based upon information or lack of it which would indicate to a reasonable person that he was authorized to order contacts at government expense. Additionally, the ignorance or mistake cannot be based on a negligent failure to discover the true facts.
In resolving this issue, you should consider the accused’s age, education, and rank along with the testimony of Senior Master Sergeant Kremer, Staff Sergeant Smith, Captain Bleuel, Staff Sergeant Allen, Staff Sergeant Smith, Airman Basic Maurice, Special Agent Collazo, Staff Sergeant McGee, Senior Airman Antoine, Airman First Class Marsh, Senior Airman Yallee, and Mr. Yenger.
The burden is on the prosecution to establish the accused’s guilt. If you are convinced beyond a reasonable doubt that at the time of the charged offenses the accused was not ignorant of a fact or under the mistaken belief that he was authorized to order contact lenses at government expense with a purchase order for military members who provided him only a prescription from the Optometry Clinic, the defense of ignorance or mistake of fact does not exist. Even if you conclude that the accused was ignorant of the fact or the mistaken belief that he was authorized to order contact lenses at government expense or the purchase order for military members who provided him only a prescription from the Optometry Clinic, if you are convinced beyond a reasonable doubt that at the time of the charged offenses the accused’s ignorance or mistake was unreasonable, the defense of ignorance or mistake of fact does not exist.
(R. 381-82) (emphasis added).
Appellant contends that the military judge at his court-martial erred in refusing to give an “honest” mistake-of-fact instruction as requested by the defense. We note that the military judge made this ruling because he concluded appellant’s purported mistake of fact went to a matter unrelated to the specific intent required for conviction of larceny under Article 121, UCMJ, 10 USC § 921. Accordingly, citing Paragraph 5-11 of the Military Judges’ Benchbook (Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)), he concluded that an honest and reasonable mistake as to such a fact was required and so instructed the members. The Court of Criminal Appeals, 1999 WL 1085836, likewise concluded that this was a correct instruction because the purported mistake “concerned the wrongfulness of the appellant’s taking, whether he had permission to order the contacts [, and] this is a general intent element and appellant’s belief must have been reasonable under all the circumstances.” Unpub. op. at 5. We disagree. United States v. *5 Turner, 27 MJ at 220 (holding that honest mistake of fact as to a superior’s permission to dispose of government property is a defense to larceny).
The military judge’s instructional decision on the defense of mistake-of-fact was generally based on his reading of Paragraph 5-11 of the Military Judges’ Benchbook. It states in pertinent part:
5-11 IGNORANCE OR MISTAKE OF FACT OR LAW-GENERAL DISCUSSION
The standard for ignorance or mistake of fact varies with the nature of the elements of the offense involved. If the ignorance or mistake concerns an element of an offense involving specific intent (e.g., desertion, larceny), willfulness {e.g., willful disobedience of an order), knowledge {e.g., assault upon commissioned officer, failure to obey lawful order), or premeditation, the ignorance or mistake need only exist in the mind of the accused. Generally, for crimes not involving specific intent, willfulness, knowledge, or premeditation, {e.g., AWOL) ignorance or mistake must be both honest (actual) and reasonable. Extreme care must be exercised in using this test, however, as ignorance or mistake in some “general intent” crimes need only be honest to be a defense. {See e.g., Instruction 5-11-4, Ignorance or Mistake in Drug Offenses.) Moreover, in some “specific intent” crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest. Consequently, the military judge must carefully examine the elements of the offense, affirmative defenses, and relevant case law, in order to determine what standard applies.
This Court has suggested a similar rule in United States v. Peterson, 47 MJ 231, 234-35 (1997), and United States v. Garcia, 44 MJ 496, 498 (1996); cf. United States v. Tucker, 14 USCMA 376, 380, 34 CMR 156, 160 (1964) (honest mistake of fact applies where mistake made is to facts essential to the existence of the necessary mens rea, i.e., specific intent).
Article 121, UCMJ, states:
(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—
(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny;
(Emphasis added.) We have long recognized that this codal article requires the Government to prove beyond a reasonable doubt that an accused had a specific intent to steal. Moreover, it also has long been recognized that an honest mistake of fact as to a soldier’s entitlement or authorization to take property is a defense to a charge of larceny under this codal provision. See United States v. Sicley, 6 USCMA 402, 410-13, 20 CMR 118, 126-29 (1955); United States v. Rowan, 4 USCMA 430, 16 CMR 4 (1954). We have recently reiterated this holding. United States v. Gillenwater, 43 MJ 10 (1995); United States v. Turner, supra; United States v. Ward, 16 MJ 341, 346 (CMA 1983).
The military judge in appellant’s case did not acknowledge this case law in applying the Benchbook rule. See generally United States v. Tucker, supra (recognizing similar rule to Benchbook that mistake must be about essential facts related to specific intent in larceny case). Moreover, he did not explain why appellant’s averred mistake as to his authority to issue contact lenses did not undermine a specific intent on his part to permanently deprive the Government of this property. Contra United States v. Turner, supra. His exclusive reliance on the relevance of the mistaken fact to a so-called general “intent” element was misplaced. The pertinent inquiry is whether the purported mistake concerns a fact which would preclude the existence of the required specific intent. See generally 1 Wayne R. LaFave *6 & Austin W. Scott, Substantive Criminal Law § 5.1(b) at 577 (1986).
This Court’s opinions in Peterson (mistake as to consent in housebreaking case) and Garcia (mistake as to sexual consent in indecent assault case) also do not support the trial judge’s ruling. They addressed mistakes as to facts which were completely unrelated to the specific intents at issue in those non-larceny cases. Moreover, those decisions do not suggest in any way that a military superior’s permission to his subordinate to dispose of government property to other servicemembers is that type of fact, ie., one unrelated to a specific intent of that subordinate to steal from the Government. See LaFave & Scott, supra; United States v. Sicley, supra at 413. Accordingly, we must find legal error.
Turning to the question of harmless error, we conclude that appellant was materially prejudiced by the “honest and reasonable” mistake-of-fact instruction actually given in this case. Article 59(a), UCMJ, 10 USC § 859(a). First of all, the prosecution-requested instruction placed a lesser burden on the Government to prove appellant’s guilt because it could now secure his conviction by disproving either the honesty or the reasonableness of appellant’s mistake. Moreover, trial counsel exploited the erroneous instruction by calling this government option to the attention of the members during deliberations. He said:
And that leads us to the defense of mistake of fact for all of these contacts. As the judge instructed you, there must be two different things here: One is, was this mistake honest; namely, did Airman Bine-gar really have this mistake? And, number two is: Was this mistake reasonable? Because regardless of whether Airman Binegar thought this, if it was not reasonable, the defense still does not exist. The government has disproven this mistake beyond a reasonable doubt.
(R. 391) (emphasis added). Finally, the Government presented a substantial case on the unreasonableness of appellant’s conduct in this case (R. 390-91), creating a reasonable possibility that the members resolved this case against appellant on this basis. See United States v. Ward, supra at 347.
The decision of the United States Air Force Court of Criminal Appeals is reversed.[2] The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

. Some evidence was admitted that several purchase orders contained the first names of the soldiers receiving the lenses, but spelled backwards. (R. 88) The importance of that fact was disputed. (R. 142-43)

. Appellant was also charged with and found guilty of conspiring with another servicemember to steal contact lenses, in violation of Article 81, Uniform Code of Military Justice. As noted above, the military judge also gave the erroneous mistake of fact instruction with respect to this offense. (R. 381-82)