SULLIVAN, Senior Judge
(concurring in the result):
The Court of Criminal Appeals found error in the military judge’s failure to give a mistake of fact instruction in this case. The Government concedes that such error occurred in this case. Finally, the granted issue clearly asks whether such a failure to instruct was “harmless beyond a reasonable doubt.” I too would hold that error occurred here when the military judge failed to specifically instruct the members on a mistake-of-fact defense in this case with respect to the charge of receiving stolen property from Mr. Mitchell. To extent the majority suggests that no error occurred here, I disagree.
Nevertheless, I would hold that this error was harmless beyond a reasonable doubt in this case. Cf. United States v. Binegar, 55 MJ 1, 6 (2001); United States v. Wells, 52 MJ 126 (1999). First, although the defense was reasonably raised by evidence in this case, there was overwhelming evidence in the record as a whole that appellant was not operating under a mistake of fact in his dealing with Mr. Mitchell. See Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); United States v. New, 55 MJ 95, 128 (2001) (Sullivan, J., concurring in the result).
Second, the military judge’s instructions on knowledge were sufficient to make the court members aware that they had to find beyond a reasonable doubt that appellant did not mistakenly believe the Mitchell property was not stolen. See United States v. Wells, supra at 131; see also 1 & 2 Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law, § 5.1 at 577 and § 8.10 at 428-29 (1986). The existence of these instructions, which covered the matter in the omitted defense instruction in another way, distinguishes this case from United States v. Barnes, 39 MJ 230 (CMA 1994).