CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain RICARDO J. REYNA-RIVERA**
**United States Army, Appellant**

ARMY 20140527

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Patrick A Crocker, JA.

For Appellee:  Major A.G. Courie III, JA.

30 June 2015

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by battery and three specifications of violating a lawful general regulation, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§892 and 928 (2006; 2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dismissal and confinement for fifteen months.  The convening authority approved the sentence as adjudged and credited appellant with 85 days against his sentence to confinement.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submitted a merits pleading to this court but personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find the matters raised personally by appellant, as well as one additional matter, warrant discussion and relief.  We conclude that the imposition of a dismissal and fifteen months

confinement is inappropriately severe under the circumstances of appellant's case and will therefore direct relief in our decretal paragraph.

## BACKGROUND

*The Article 128 Offense*

Appellant was a registered Army nurse working in the post-surgery recovery unit at Beaumont Army Medical Center at Fort Bliss, Texas. On 5 June 2013, appellant and a team of nurses and anesthesiologists received a female patient, Mrs. SH, into the post-operation recovery room for monitoring after her surgery.

Mrs. SH was initially admitted for surgery to remove an ovarian cyst, but during the procedure the attending doctor discovered an intestinal adhesion rather than an ovarian cyst. Accordingly, Mrs. SH underwent laparoscopic surgery through her abdomen to address the adhesion; an ovarian cyst was not removed at that time.

Afterwards, while the effects of the general anesthesia were wearing off in the post-surgery recovery room, Mrs. SH was given narcotics to relieve her pain from the procedure. This caused her to nod in and out of consciousness. Following her initial post-operative pain relief treatment, appellant, as her attending nurse, moved Mrs. SH to a separate area to monitor her as she recovered. Mrs. SH's friend, Ms. D, accompanied Mrs. SH during this movement and was then present in the area to which appellant moved Mrs. SH.

Despite appellant's attempts to ease Mrs. SH's pain through various methods including medication, heating pads, and altering her body position, Mrs. SH continued to complain of pain in her abdominal area. Appellant then donned a surgical glove, pulled back the blanket covering Mrs. SH's genital region, and touched her pelvic area, pubic area, and her vulva. Despite the fact that appellant indicated during the providence inquiry he was looking for internal or external bleeding, he did not request specific consent prior to touching Mrs. SH or explain what he was doing. He also did not follow hospital protocol and failed to request the presence of a chaperone employed by the hospital to observe the treatment. Appellant left the room after he touched Mrs. SH.

Mrs. SH's friend, Ms. D, did not observe appellant touch Mrs. SH because she was positioned by Mrs. SH's head. Mrs. SH, however, immediately told Ms. D after appellant left the room that appellant had touched her on her vulva. Mrs. SH found the touching to be offensive and non-consensual and she subsequently filed a formal complaint of sexual assault through hospital channels.

Appellant was originally charged with violating Article 120, UCMJ, for committing a sexual assault by making a fraudulent representation. Prior to trial,

appellant entered into a pretrial agreement wherein he pleaded guilty to certain offenses, including Article 128, UCMJ, assault consummated by battery, a lesser-included offense of Article 120, in exchange for a cap on his sentence to confinement.

*The Sexual Harassment Charges*

Between April 2011 and 15 December 2011, appellant made sexually harassing comments to or in the presence of three coworkers in violation of a local Fort Bliss general regulation.

Appellant's comments to Private First Class (PFC) JH, a subordinate nurse with whom he worked, included:  how pretty she was; how he liked her blond hair, blue eyes, and when she wore tight jeans; that she should take pictures of herself in a bikini while on vacation - implying he wanted to see the photos; and, that her patients liked her because she was pretty.  These actions formed a portion of the basis for Specification 2, Charge II.

During the same time frame, appellant sexually harassed Sergeant (SGT) SS by stating in the break room with others present that SGT SS was "in heat like a dog due to her menstrual cycle."  This action formed a portion of the basis for Specification 4, Charge II.

On another occasion, in a hospital setting in the presence of SGT SS, PFC JH, and Second Lieutenant (2LT) LL, appellant commented about the size and genuineness of a female hospital visitor's breasts.  This incident formed the basis for Specification 3, Charge II, and was also common to the other two violations of Article 92, UCMJ.

On 21 February 2012, for his violations of Fort Bliss Regulation 27-5 prohibiting sexual harassment, appellant was given a general officer letter of reprimand that was filed permanently in his official military personnel file.  In the aftermath of Mrs. SH's complaint, the government resurrected the sexual harassment incidents and charged appellant , *inter alia*, with three specifications of violating the Fort Bliss regulation.

## LAW AND DISCUSSION

*1. Sexual Harassment – Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial 307(c)(4).  The prohibition against the unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching

3

in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. 338-39 (internal quotation marks and citation omitted).

Appellant pleaded guilty to three specifications of violating Article 92, UCMJ, for sexual harassment in violation of a lawful general regulation. The record clearly indicates appellant sexually harassed PFC JH on divers occasions (Specification 2, Charge II). The record also establishes appellant sexually harassed SGT SS on at least two occasions (Specification 4, Charge II). With regards to the specification related to 2LT LL (Specification 3, Charge II), the government alleges sexual harassment on *divers* occasions by appellant; however, only one occasion of sexual harassment is contained both in the stipulation of fact and articulated during the colloquy by appellant. This single occasion is the comment appellant made in the presence of SGT SS, PFC JH, and 2LT LL regarding the size and genuineness of a hospital visitor's breasts. This comment was included as part of the foundation for all three Article 92 violations against the three victims.

The unit of prosecution in such a case would ordinarily be the utterance of the sexually harassing comment on each occasion—not the number of persons who were present or within earshot on each occasion. While there may be multiple victims of a particular comment, there is only one criminal transaction for each instance for which the actor should be punished. To charge otherwise would exaggerate an actor's criminality. As such, applying the *Quiroz* factors to the evidence at hand, we will except the word "divers" from Specification 4, Charge II, and allow the

4

conviction for that specification to rest solely on the separate comment directed at SGT SS regarding menstruation. We need not adjust Specification 2, Charge II, because even without the comment common to each specification, there are still multiple occasions during which appellant sexually harassed PFC JH. Lastly, we will except the word "divers" from Specification 3, Charge II as the evidence does not support more than one occasion.

## 2. *Sentence Appropriateness and Reassessment*

In his matters submitted pursuant to *Grostefon*, 12 M.J. 431, appellant asserts that his sentence is inappropriately severe. We agree.

We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." UCMJ art. 66(c). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad,* 69 M.J. 138, 146 (C.A.A.F. 2010).

Applying these standards to the present case, we find appellant's sentence inappropriately severe. We have given individualized consideration to this particular appellant including the timing, circumstances, and nature of the offenses to which he pleaded guilty. Specifically, the government allowed appellant to plead guilty to an assault consummated by battery – not an Article 120, UCMJ, offense. The battery described by appellant was not sexual in nature, and instead was by virtue of not garnering consent from the patient, violating hospital protocol, and acknowledging Mrs. SH found the touching offensive.

The maximum sentence to confinement for this offense is six months. The three other violations of a general regulation constitute the weight of the remaining maximum possible sentence to confinement of six additional years. As a result, a minimum of nine months of appellant's sentence to confinement was based solely on those violations, for which appellant already received a general officer letter of reprimand filed in his official file two years earlier. There was no evidence presented by the government that appellant continued such behavior after he was reprimanded. We also considered appellant's service record, including his twenty-four years of otherwise honorable combined enlisted and officer service, his deployment history, evidence in extenuation and mitigation, the impact on Mrs. SH, the impact on appellant and his family members from the loss of his retirement income, and all other matters contained in the record of trial. *See, e.g., United*

*States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001); *United States v. Luster*, 55 M.J. 67, 70-71 (C.A.A.F. 2001). Based on these considerations, we find the approved sentence inappropriately severe for this offender and these offenses.

**CONCLUSION**

The findings of guilty to the Specification of Charge I and Specification 2 of Charge II are AFFIRMED.

Specification 3 of Charge II is amended to read as follows:

> In that Captain Ricardo J. Reyna-Rivera between on or about 1 April 2011 and on or about 15 December 2011, at or near Fort Bliss, Texas, did violate a lawful regulation, to wit: paragraph 6-2d, Fort Bliss Regulation 27-5, dated 1 March 2011, by wrongfully making a sexual comment in front of Second Lieutenant L.L.

Specification 4 of Charge II is amended as follows:

> In that Captain Ricardo J. Reyna-Rivera between on or about 1 April 2011 and on or about 15 December 2011, at or near Fort Bliss, Texas, did violate a lawful regulation, to wit: paragraph 6-2d, Fort Bliss Regulation 27-5, dated 1 March 2011, by wrongfully making a sexual comment in front of Sergeant S.S.

The remaining findings of guilty, as amended, are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the amended findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), we AFFIRM only so much of the sentence as provides for six months confinement. We find this sentence purges the error in appellant's case and is also appropriate. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered to be restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge CELTNIEKS concurs.

Senior Judge TOZZI, concurring in part, dissenting in part:

6

I concur with the majority opinion regarding the findings in this case. I respectfully dissent from the ruling of the majority affirming only so much of the sentence as provides for six months confinement.

Appellant pleaded guilty to one specification of assault consummated by battery and three specifications of violating a lawful general regulation, in violation of Articles 92 and 128*, Uniform Code of Military Justice, 10 U.S.C. §§892 and 928 (2006; 2012) [hereinafter UCMJ]. The assault specification consisted of appellant intentionally and unlawfully touching the vulva of Mrs. SH. The affirmed specifications for violating a lawful general regulation essentially consist of incidents of sexual harassment. Appellant entered into a pretrial agreement with the convening authority capping his confinement at 15 months but leaving him exposed to a possible dismissal. After hearing and observing appellant during trial, and considering all relevant sentencing evidence, to include appellant's service record and the victim impact testimony of Mrs. SH, the military judge sentenced appellant to a dismissal and 15 months confinement. Appellant thus received a sentence in line with his pretrial agreement, which left him exposed to the possible punishment of a dismissal.

Considering the entire record and the totality of the circumstances, I do not find appellant's sentence inappropriately severe. The fact that appellant received an administrative reprimand in the past for his conduct charged as Article 92, UCMJ, violations in this case is not dispositive. Appellant certainly knew that he had been administratively reprimanded for his incidents of sexual harassment when he entered his pretrial agreement with the convening authority in this case. Appellant pleaded guilty to offenses that included potential punishment of dismissal and six and one-half years confinement. Considering the entire record the sentence of the military judge was not inappropriately severe. I would affirm the sentence as adjudged, and approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

*Corrected

7