# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201600122**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## BENJAMIN A. BULLARD
Corporal (E-4), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Michael D. Libretto, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Commander Jacob R. Walker, JAGC, USN;
Lieutenant Jetti L. Gibson, JAGC, USN.

———————————

Decided 22 September 2016

———————————

Before MARKS, FULTON, and GLASER-ALLEN, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of battery upon a child under the age of 16 in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The convening authority approved the sentence of 60 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge but, pursuant to a pretrial agreement, suspended all confinement in excess of 30 days.

In his sole assignment of error, the appellant asserts the military judge improperly admitted uncharged misconduct per RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) in the Government's sentencing case. We disagree.

## I. BACKGROUND

Between 20 and 27 June 2015, the appellant and his wife babysat their five-year-old nephew. in their home aboard Marine Corps Air Station Cherry Point, North Carolina. During this time, the appellant struck his nephew using his hands and a belt on multiple occasions. Though he knew his nephew was in pain, he continued to spank the child repeatedly and unlawfully grabbed his arm "to impose extreme pain, not to discipline him or protect him in any way."[1] The appellant pled guilty to these two offenses and admitted that the spanking caused bruising on his nephew's lower back, buttocks, and legs. On 26 June 2015, the appellant's on-base neighbors, Sergeant (Sgt) and Mrs. B., heard a child screaming and went across the street to the appellant's home. While outside the house, Mrs. B. looked in the window and saw "a child running to the door, and then a man run across the room, pick the child up, and throw him against the door."[2] Sgt B. distinctly heard the child hit the door and start crying. Both Sgt and Mrs. B. signed affidavits describing what they saw and heard on this (uncharged) occasion.

## II. ANALYSIS

During sentencing, the Government introduced Sgt and Mrs. Bs' affidavits over defense objection. The appellant argues that the military judge abused his discretion by admitting this sentencing evidence of the appellant throwing his nephew against the wall under R.C.M. 1001(b)(4) because the evidence was not directly related to or resulting from the two offenses to which appellant pled guilty.

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004) (citing *United States v. Tanksley*, 54 M.J. 169, 175 (C.A.A.F. 2000)). R.C.M. 1001(b)(4) provides that: "[t]he trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Additionally, "when uncharged misconduct is part of a continuous course of conduct involving similar crimes and the same victims, it is encompassed within the language 'directly relating to or resulting from the offenses of which the accused has been found guilty' under R.C.M. 1001(b)(4)." *United States v. Nourse*, 55 M.J.

---

[1] Record at 20-25; *see also* Prosecution Exhibit (PE) 10.

[2] PE 1 at 1.

229, 232, (C.A.A.F. 2001). In *Nourse*, evidence of uncharged larcenies involving the appellant from the same victim in the same place were admissible because they were directly related to the charged offenses as part of a continuing scheme to steal from the Orleans Parish Criminal Sheriff's Office. *Id.* at 230-32; *see also United States v. Ross,* 34 M.J. 183, 187 (C.M.A. 1992) (finding evidence that the appellant had altered test scores on occasions other than those for which he was convicted was admissible to show the "continuous nature of the charged conduct and its full impact on the military community"); *United States v. Mullens*, 29 M.J. 398, 400 (C.M.A. 1990) (holding that evidence of uncharged indecent liberties the appellant took with his children years prior to the charged misconduct at a prior duty station was admissible under R.C.M. 1001(b)(4) at sentencing for convictions of sodomy and indecent acts with his children).

Sentencing evidence is also subject to the MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) balancing test. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000) (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)). If the military judge conducts a proper balancing test under MIL. R. EVID. 403, the "ruling will not be overturned unless there is a 'clear abuse of discretion.'" *Id.* (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). Here, the military judge conducted a MIL. R. EVID. 403 balancing test on the record and limited the application of the testimony. He admitted the affidavits, finding they provided context to the environment in which the offenses occurred, while noting that "the court is mindful that it is to sentence the accused based only upon the offenses to which he has been found guilty."[3]

The uncharged throwing incident involved the same victim, occurred the same week, and was similar to the physically abusive conduct in the two pled battery offenses. The throwing incident was indicative of the continuous conduct of the appellant's actions from 20-27 June 2015 and demonstrated the full impact of his actions on the Cherry Point military community. Like the events detailed in *Nourse*, *Mullens*, and *Ross*; here the uncharged misconduct of throwing his nephew against the wall was directly related to the arm-grabbing and belt discipline that the appellant had inflicted upon his nephew while the child was in appellant's care earlier that week.

Accordingly, we find the military judge did not abuse his discretion in admitting the aggravation evidence in sentencing. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of appellant was committed. Arts. 59(a) and 66(c), UCMJ.

---

[3] Record at 46.

### III. CONCLUSION

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court